**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID DERRINGER,

    Plaintiff,

v.                                                    Civil No. 03-804 WPJ/RHS

MICK CHAPEL, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion to Recuse the Honorable William P. Johnson, filed July 15, 2003 (**Doc. 3**).[1] The allegations pertaining to the present motion can be distilled down to contentions of bias on the part of Judge Johnson. Specifically, Plaintiff contends that Judge Johnson should recuse himself from this case because he is biased against pro se parties. He also contends that Judge Johnson "illegally protected" Judge Fitch by dismissing him as a Defendant in a another federal lawsuit filed by Susan Nevitt on the basis of judicial immunity. In that lawsuit, Ms. Nevitt, who is Plaintiff's wife, also filed a motion to "file a peremptory challenge" in an effort to recuse Judge Johnson, to whom the case had been assigned. See Civil No. 02-1580, Doc. 2; see also Exhibit 5 to present motion). The motion was denied. Doc. 4.

In the present motion, Plaintiff relies in part on 28 U.S.C. § 455(a), which provides that a judge must disqualify himself in any proceedings in which his impartiality might reasonably be

---

[1] Given the disposition of this motion, no response is necessary.

questioned. Pope v. Federal Express Corp. et al., 974 F.2d 982, 984 (8th Cir. 1992) (citations omitted). A judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise. Gilbert v. City of Little Rock, Ark., 722 F.2d 1390 (8th Cir.1983). Disqualification of a judge under § 455(a) requires the use of an objective standard of reasonableness. The test is not whether a party might believe that a bias existed, but whether the "average person on the street" would question the impartiality of the judge, under the circumstances. Id.;see also, United States v. DeLuna, 763 F.2d 897, 907 (8th Cir.1985). I find that Plaintiff's assertions of bias do not satisfy the heavy burden of proof under § 455(a).

   **THEREFORE,**

   **IT IS ORDERED** that Plaintiff's Motion to Recuse the Honorable William P. Johnson **(Doc. 3)** is hereby DENIED.

_____
                              UNITED STATES DISTRICT JUDGE