IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                                                    No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL",

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANTS JUDGE ALARID, JUDGE FRY AND JUDGE PICKARD

THIS MATTER comes before the Court *sua sponte*. Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff cannot prevail on the facts alleged with regard to Defendants Joseph Alarid, Cynthia Fry and Lynn Pickard. Additionally, allowing Plaintiff an opportunity to amend his complaint would be futile. Thus, the claims against these Defendants shall be dismissed.

**BACKGROUND**

Plaintiff David Derringer filed a Complaint in this Court on July 9, 2003 against his neighbors, Mick and Jennifer Chapel (Chapels), State of New Mexico District Court Judge Thomas Fitch, State of New Mexico Court of Appeals Judges Joseph Alarid, Cynthia Fry and Lynn Pickard, and the law firm of Comeau, Maldegen, Templeman & Indall.

Plaintiff's allegations arise from a 1994 state court water adjudication case, CV 94-10. Defendants Mick and Jennifer Chapel initiated the state action against Plaintiff's wife, Susan Nevitt, and Plaintiff's mother-in-law, Norma Nevitt. Judge Thomas Fitch was the presiding judge

in the state case.  Judge Fitch, subsequent to the filing of the state case, permitted Plaintiff to intervene in the case.  Attorney Joseph Manges[1] represented the Chapels and was employed by the law firm of Comeau, Maldegen, Templeman & Indall (law firm).

On May 17, 1996, Judge Fitch entered judgment on a jury verdict in the state case which included a permanent injunction in favor of the Chapels.  The Nevitts appealed the judgment, and the New Mexico Court of Appeals affirmed the judgment.  In July 2000, the Chapels filed a motion to enforce the judgment.  The case was again tried in July 2001.  The second trial resulted in a judgment against the Nevitts and Plaintiff.  Plaintiff and the Nevitts appealed the judgment, and the New Mexico Court of Appeals affirmed.  In August 2002, the Chapels filed a motion to enforce the 1996 judgment and the 2001 judgment.  On January 13, 2003, Judge Fitch held a third trial.  Following the third trial, Judge Fitch entered a Decision on January 28, 2003 awarding the Chapels compensatory damages, punitive damages, and attorney's fees.  Judge Fitch further ordered that Plaintiff and the Nevitts remove the dams at issue in the case, pay $100 per day for each day they failed to comply with the injunction, and permitted the Chapels to enter the property of Plaintiff and the Nevitts to remove the dams if they had not been removed within 45 days.  Additionally, Judge Fitch entered an Injunction prohibiting Plaintiff or the Nevitts from any *pro se* filing of any motion, pleading or other paper in state court.  Plaintiff and the Nevitts appealed.  The New Mexico Court of Appeals affirmed.

Plaintiff's complaint in the instant case contains various allegations that all of the Defendants conspired to enslave Plaintiff and created an involuntary servitude against him and his property through the proceedings in the state case CV 94-10.  Plaintiff's complaint also

---

[1]Mr. Manges is a Defendant in Derringer v. D'Antonio, Civil No. 03-90 MV/WDS.

specifically alleges that Defendants Fitch, the law firm and the Chapels conspired to deprive Plaintiff of his due process and equal protection rights by entry of the Order prohibiting Plaintiff from filing *pro se* in state court.  With regard to Court of Appeals Judges Fry, Alarid and Pickard, Plaintiff alleges that they aided and abetted this conspiracy by affirming Judge Fitch's Order. Plaintiff alleges that the Defendants conspired to deprive him of life by denial of food, water, electricity, shelter, heat and other necessities by the Order permitting the destruction of Plaintiff's dams and stock ponds that also included the destruction of the only roads of access onto Plaintiff's property.  According to Plaintiff, Defendants attempted to precipitate an armed and lethal conflict by attacking and invading Plaintiff's real property.  These allegations challenge the Decision entered by Judge Fitch after the third trial in state case CV 94-10.  These allegations appear to also challenge an actual entry onto Plaintiff's land pursuant to Judge Fitch's Decision after the third trial in state case CV 94-10.  Plaintiff does not, however, allege that any of the Defendants actually entered his land.  Rather, he alleges that these Defendants conspired with one another by and through Judge Fitch's Decision after the third trial in state case 94-10 to cause the entry.  With regard to Defendants Judge Alarid, Judge Fry and Judge Pickard, the claim is based on their decision affirming Judge Fitch's Decision.

Plaintiff asserts claims under Article III, Section 3 and the 13th and 14th Amendments of the Constitution of the United States, various civil rights statutes including 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, and numerous federal criminal statutes such as 28 U.S.C. § 453, and 18 U.S.C. §§ 241, 373, 1959, 1505, 1512, 1621.  Plaintiff also puts forth claims under state law including claims under the Constitution of the State of New Mexico Art. XVI and Art. II Sec. 8, New Mexico statutes pertaining to water including N.M. Stat. Ann. 1978 §§72-5-32, 72-8-4, 72-8-6, 72-9-3, 72-5-39, 72-12-11, various New Mexico criminal statutes such as N.M. Stat. Ann.

3

1978 §§ 30-28-2, 30-14-1, 30-15-1, 30-25-1, 30-16-6, the New Mexico Code of Judicial Conduct, the New Mexico Code of Professional Conduct, and the tort of intentional infliction of emotional distress. Plaintiff requests damages of 25 million dollars from each Defendant, an injunction against the Defendant judges preventing them from enforcing the Order preventing him from filing *pro se* in state court and preventing any further Orders or denial of equal protection, an injunction against the law firm prohibiting them from representing anyone as attorneys in the United States, and an Order that each Defendant provide a certificate of compliance.

**LEGAL STANDARD**

In dismissing a Complaint under Fed. R. Civ. P. 12(b)(6), the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss *sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991)). An amendment is futile if it would not survive a motion to dismiss or motion for summary judgment. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999).

**DISCUSSION**

A judge is absolutely immune from a 42 U.S.C. § 1983 suit for damages for judicial acts for which the judge has at least a semblance of subject matter jurisdiction. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183 (10th Cir. 2003); Lerwill v. Joslin, 712 F.2d 435 (10th Cir. 1983) (citing Stump v. Sparkman, 435 U.S. 349 (1978)). The defense of absolute judicial immunity is

4

not defeated by claims of conspiracy, bad faith, malice, or erroneous rulings.  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).  Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  For claims made pursuant to laws other than 42 U.S.C. § 1983, common law judicial immunity provides that judges are absolutely immune from suits for damages when the acts complained of are judicial in nature and the court had jurisdiction over the subject matter of the case.  Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir. 1990).  Common law judicial immunity attaches even if the judicial decision is erroneous, malicious, or made in excess of the judge's judicial authority.  Id.  However, common law immunity does not attach when injunctive relief is sought.  Pulliam v. Allen, 466 U.S. 522, 536-37 (1984).

Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction to review or reverse a state court judgment.  Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991); VanSickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986).  Any such review must be addressed directly to the United States Supreme Court.  Facio, 929 F.2d at 543; VanSickle, 791 F.2d at 1436.

Judges Alarid, Fry and Pickard were acting within their judicial capacity and within their state appellate court jurisdiction when they affirmed rulings by Judge Fitch.  Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.  Therefore Defendants Alarid, Fry and Pickard are absolutely immune from suit under 42 U.S.C. § 1983 for both damages and injunctive relief.  With regard to other claims not brought under 42 U.S.C. § 1983, Defendants Alarid, Fry and Pickard are absolutely immune from suit for damages.  All such claims shall be dismissed with prejudice.

To the extent Plaintiff is suing Defendants Alarid, Fry and Pickard for injunctive relief

5

under laws other than 42 U.S.C. § 1983, this Court lacks jurisdiction pursuant to the Rooker-Feldman doctrine.  Plaintiff seeks an injunction against the Defendant judges preventing them from enforcing the Order preventing him from filing *pro se* in state court and preventing any further Orders or denial of equal protection.  Plaintiff thus seeks an Order of this Court effectively reversing the ruling of the New Mexico Court of Appeals.  The Rooker-Feldman doctrine clearly applies to such claims, and they shall be dismissed without prejudice.

There are no set of facts that Plaintiff could allege against Defendants Alarid, Fry and Pickard that would defeat the immunity of these Defendants or that would permit this Court to exercise jurisdiction in light of the Rooker-Feldman Doctrine.  Therefore, allowing Plaintiff to amend his Complaint would be futile.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Alarid, Fry and Pickard pursuant to 42 U.S.C. § 1983 and all claims seeking damages from these Defendants are hereby DISMISSED WITH PREJUDICE based on absolute judicial immunity.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Alarid, Fry and Pickard not brought pursuant to 42 U.S.C. § 1983 and seeking injunctive relief are hereby DISMISSED WITHOUT PREJUDICE based on a lack of subject matter jurisdiction under the Rooker-Feldman Doctrine.

_____
UNITED STATES DISTRICT JUDGE