IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 AUG 11 PM 3:44

DAVID DERRINGER,

    Plaintiff,

v.   No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL",

    Defendants.

## MEMORANDUM OPINION AND PROPOSED ORDER ENJOINING PLAINTIFF FROM FILING FRIVOLOUS LAWSUITS

THIS MATTER comes before the Court *sua sponte*. This particular cause of action arises out of a long dispute between the Chapels and the Nevitts over the use of water from Harris Creek located near Quemado, New Mexico.[1] All of Plaintiff's numerous filings are driven by his dissatisfaction with the jury verdict in the state water rights adjudication,[2] and the state court of appeals decisions which favored the Chapel's efforts to enforce that judgment. Plaintiff and the Nevitts lost in the state water rights adjudication, in the subsequent motion by the Chapels to enforce the judgment when it was violated by Plaintiff and the Nevitts, and in two appeals of the state court judgment. See Exhibits D & G, Mem. in Supp. of Mot. to Dismiss,

---

[1] Susan Nevitt and Norma Nevitt are Plaintiff's wife and mother-in-law, respectively.

[2] <u>Mick C. Chapel and Jennifer Chapel v. Susan M. Nevitt, Norma . Nevitt and David Derringer</u>, CV 94-10, State of New Mexico, Seventh Judicial District, County of Catron, New Mexico.



filed July 29, 2003 (Doc. 10).

To date, Plaintiff has filed seven federal cases: Derringer v. Chapel, Civil No. 02-974 WJ/RLP; Derringer v. New Mexico Supreme Court, Civil No. 02-1075 MV/WDS; Derringer v. D'Antonio, Civil No. 03-90 MV/WDS; Derringer v. Fitch, Civil No. 03-149 MV/RLP; Derringer v. Denko, Civil No. 03-290 MV/LAM; Derringer v. Snyder, Civil No. 03-291 MV/KBM; and this case. Plaintiff's wife, Susan Nevitt, has also filed two federal cases arising from state case CV 94-10 in which she asserts allegations virtually identical to those made by Plaintiff in his cases.[3] Three of the total of nine cases have been dismissed. Derringer v. Chapel, Civil No. 02-974 was dismissed for failure to state a claim (Doc. 26, Oct. 3, 2002); the dismissal of Nevitt v. Fitch, Civ. 02-1580 on grounds of judicial immunity was affirmed by the Tenth Circuit Court of Appeals on August 5, 2003 (Doc. 11); and Nevitt v. Fitch, Civil No. 03-155, was dismissed on the grounds of res judicata, judicial immunity and Younger and Rooker-Feldman doctrines on May 19, 2003 (Doc. 16). Plaintiff's numerous filings present as different versions of the same unwieldy complaint. These actions target not only the Chapels and Judge Thomas Fitch, the presiding judge in the state case, but also the New Mexico Supreme Court, Judges of the New Mexico Court of Appeals and others. Plaintiff's lobbing of frivolous and vexatious lawsuits against these Defendants is likely to continue without this Court's intervention.

The "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow, v Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (citing Tripati v. Beaman,

---

[3] A court may judicially notice its own records. St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979).

878 F.2d 351, 353 (10th Cir.1989)). The Tenth Circuit has repeatedly recognized the power of federal courts, under 28 U.S.C. § 1651(a), to prevent a litigant from filing meritless, vexatious lawsuits where a pattern of filing such lawsuits unduly burdens the judicial system. Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994); Olsen v. Coleman, 997 F.2d 726, 729 (10th Cir. 1993); Tripati, 878 F.2d at 352.[4]

Given Plaintiff's past filing history, an injunction restricting Plaintiff's future filing activities is appropriate in order to curb the flow of repetitive, meritless claims or spin-offs of these claims. Plaintiff's abusive filing practices has encumbered not only judicial efficiency in a federal district court which is already sagging under an enormous case load, driven in part by border-related cases, but has obliged the Defendants in these cases to expend an inordinate amount of time and money without good reason. Plaintiff, his wife and mother-in-law, have already been enjoined from filing further pleadings against the Chapels in state court. See Attachment.[5] Therefore, this Court proposes to enjoin the Plaintiff from filing new lawsuits in federal court unless certain conditions are met. This, however, is a proposed order and *pro se* litigant David Derringer is afforded twenty days within which to respond and show cause why the order should not be entered.

### **Proposed Restrictions**:

The Court proposes to enjoin David Derringer from filing new lawsuits in the United

---

[4] Other circuits also recognize the necessity of such restrictions. See Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986), cert. denied, 479 U.S. 1099, 107 S.Ct. 1323, 94 L.Ed.2d 175 (1987); Sires v. Gabriel, 748 F.2d 49 (1st Cir.1984).

[5] The Injunction Prohibiting the filing of Motions, Pleadings or Other Papers by *Pro Se* Defendants David Derringer, Susan Nevitt, or Norma Nevitt, No. CV 94-10, was filed February 12, 2003 in the State of New Mexico County of Catron, Seventh Judicial District.

States District Court for the District of New Mexico unless this litigant complies with the following preconditions:

David Derringer, whether filing individually or jointly, must be represented by licensed counsel of record who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets pleading requirements of Fed.R..Civ.P.8 and factual predicate requirements of Fed.R.Civ.P.11. Thus, if Plaintiff is represented by counsel who makes this required certification, the proposed complaint will be received and filed. Alternatively, if David Derringer seeks to proceed as a *pro se* litigant, he must comply with the following:

    a. David Derringer must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is commenced in good faith and is not malicious or "without arguable merit." Tripati, 878 F.2d at 353; In re Green, 669 F.2d 779, 787 (D.C.Cir. 1981).

    b. The proposed complaint must be certified as provided by Fed.R.Civ.P.11.

    c. The proposed complaint must include a list of every previous action which he filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers. The proposed complaint must disclose the status prior lawsuits, the outcome and any appeals and their outcome.

    d. David Derringer must provide a list apprising the Court of all outstanding injunctions or orders limiting his or their access to state or federal courts, including orders and injunctions requiring petitioner to seek leave to file matters *pro se* or requiring that he be represented by an attorney. A copy of each order or injunction must be submitted with each proposed complaint.

  c. A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues the litigant or litigants (if filing jointly) seek to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented. The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by him or them, and must disclose the status of that prior action, as well as provide the style of the case, the docket number and the name of the court where the prior action was filed. The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

  2. Upon receipt of the proposed complaint and affidavit, the Clerk of Court will submit the document package to a district judge or, at the Court's option, to a referred magistrate judge for pre-filing review. Should the district judge or magistrate judge determine that the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the district judge or magistrate judge will authorize the Clerk of Court to accept the pleading for filing.

  3. Should the district judge or magistrate judge decline to accept the pleading for filing, it will be returned to David Derringer.

  4. The proposed filing restrictions shall apply to any new lawsuit filed, but will not apply to any pending lawsuit.

## Response to Proposed Order

David Derringer shall have **twenty (20)** days from the date of this Order to file written objections to these proposed sanctions. Tripati, 827 F.2d at 354; Winslow, 17 F.3d at 316-17. If

objections are not filed, the sanctions shall take effect twenty days from the date of this Order. If David Derringer does file timely objections, these sanctions shall not take effect until the Court rules on the objections.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

STATE OF NEW MEXICO
COUNTY OF CATRON
SEVENTH JUDICIAL DISTRICT

MICK C. CHAPEL and
JENNIFER CHAPEL,

    Plaintiffs,

v.

SUSAN M. NEVITT,
NORMA J. NEVITT and
DAVID DERRINGER,

    Defendants.

No. CV 94-10
Judge Thomas G. Fitch

STATE OF NEW MEXICO
SEVENTH JUDICIAL DISTRICT COURT
FILED

FEB 1 2 2003

COURT CLERK

By _____ Deputy

## INJUNCTION PROHIBITING THE FILING OF MOTIONS, PLEADINGS OR OTHER PAPERS BY *PRO SE* DEFENDANTS DAVID DERRINGER, SUSAN NEVITT, OR NORMA NEVITT

This matter having come before the Court upon Mick Chapel and Jennifer Chapel's *Motion for Injunction to Enjoin the Filing of Additional Motions, Pleadings or other Papers by Pro Se Defendants* and the Court, after having considered the motion, the response and the voluminous record herein, finds that Defendants have filed numerous frivolous and repetitious motions and papers that have served no valid purpose and have consumed the Court's and parties' valuable time and resources and finds that the Plaintiffs have no adequate remedy at law for these continuing frivolous filings and that specific injunctive relief is appropriate.

NOW THEREFORE, the Court orders as follows:

1. Defendants David Derringer, Susan Nevitt and Norma Nevitt are hereby enjoined from filing any further motions, pleadings, or other papers requesting relief in this case or from filing further complaints against plaintiffs, unless or until the proposed filing is signed by an attorney licensed to practice law in New Mexico or the proposed filing receives the prior written approval of the Court.

003559

2. The Clerk of the District Court is directed not to accept for filing herein any further *pro se* pleadings, motions or other papers from either David Derringer, Susan Nevitt or Normal Nevitt, unless they have been approved, in writing, by the Court.

3. This Injunction shall not prohibit David Derringer, Norma Nevitt or Susan Nevitt from filing a response to any motion, discovery request or papers filed by the Chapels in any legal proceeding. *NOR FILING ANY APPEAL.*

_____
District Judge

Submitted and Approved by:

COMEAU, MALDEGEN,
TEMPLEMAN & INDALL, LLP

By: _____
Joseph E. Manges
Post Office Box 669
Santa Fe, New Mexico 87504-0669
Telephone (505) 982-4611
*Attorneys for Plaintiffs*
*Mick Chapel and Jennifer Chapel*

Approved by:

_____
David Derringer, *pro se*
Post Office Box 157
Quemado, New Mexico 87829

_____
Norma Nevitt, *pro se*
Post Office Box 157
Quemado, New Mexico 87829

_____
Susan Nevitt, *pro se*
Post Office Box 157
Quemado, New Mexico 87829