IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                                      No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL",

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

THIS MATTER comes before the Court pursuant to Plaintiff's Motion for Sanctions Against and Disbarment of Michele Wykoff and Comeau, Maldegen, Templeman and Indall for Violations of F.L.R.Civ. P. Rule 83.9 [Docket No. 6]. Having reviewed the submissions of the parties and being fully advised on the law, I find the motion is not well taken and will be denied.

Plaintiff's motion urges that Defendant law firm may not represent itself and Defendants Chapels due to a conflict of interest. Plaintiff argues that Defendant law firm's representation of itself and Defendants Chapels violates the Code of Professional Conduct and D.N.M.LR-Civ. 83.9. Plaintiff further asserts that this representation violates Fed. R. Civ. P. 11.

As part of Plaintiff's request for relief, he is asking this Court to disbar attorneys Wykoff, Comeau, Maldegen, Templeman and Indall because they are representing themselves in Plaintiff's latest lawsuit and because they are representing the Chapels. Aside from the total absurdity of Plaintiff's request for disbarment, this Court has absolutely no jurisdiction whatsoever to disbar attorneys licensed by the State of New Mexico to practice law. Contrary to what Plaintiff may

believe or understand, federal courts are courts of limited jurisdiction and I have about as much authority to disbar an attorney as I have in decreeing that Plaintiff should win the Powerball Lottery.

Under D.N.M.LR-Civ. 83.9, the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply in this Court unless otherwise provided by local rule or Court order. Plaintiff argues that Defendant law firm's representation of itself simultaneously with Defendants Chapels violates Rules 16-106, 16-107, 16-108, 16-109 and 16-110 of the New Mexico Rules of Professional Conduct.

Rule 16-106 concerns the confidentiality of information, and, in relevant part, prohibits an attorney from disclosing information related to representation of a client unless the client consents after consultation. This rule protects the client. Thus, as between the Defendant law firm and the Defendants Chapels, this rule protects the Chapels, not Plaintiff. Consequently, Plaintiff has no standing to complain about a perceived violation of this rule on behalf of the Chapels. Even if Plaintiff did have standing, he points to nothing that evidences a disclosure by the law firm of any information relating to its representation of the Chapels, and certainly cannot show that any such alleged disclosure was made without the Chapels' consent.

Rule 16-107 concerns conflicts of interest and prohibits an attorney from representing a client if the representation of that client will be adverse to another client unless the lawyer reasonably believes the relationship will not adversely affect the relationship with the other client and each client consents after consultation. Defendant's response indicates that it reasonably believes that its simultaneous representation of itself and Defendants Chapels is not a conflict of interest, will not adversely affect its representation of the Chapels and that the Chapels have consented. Rule 16-107 requires nothing more.

Rule 16-108 concerns conflicts of interest arising from prohibited transactions. Rule 16-109 is a rule regarding conflicts of interest with a former client. Rule 16-110 informs lawyers that a law firm shares the disqualifications of each of its attorneys. Plaintiff's motion does not even raise a question as to whether these rules have been violated as Plaintiff's allegations are conclusory and unsupported. Plaintiff's assertion that the law firm's representation of the Chapels while representing itself in this action is a violation of Fed. R. Civ. P. 11 similarly has no grounds.

Plaintiff's Motion for Sanctions is nothing more than a disingenuous attempt to disqualify counsel for the Chapels because Plaintiff sued the Chapels attorneys. If one party to a lawsuit could disrupt an opposing party's relationship with an attorney simply by naming that attorney in a lawsuit, litigation would become nothing but gamesmanship.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Sanctions Against and Disbarment of Michele Wykoff and Comeau, Maldegen, Templeman and Indall for Violations of F.L.R.Civ. P. Rule 83.9 [Docket No. 6] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE