IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.          No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL,"

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon by a Motion by Defendants Mick Chapel, Jennifer Chapel, & Comeau Law Firm ("Defendants") to Dismiss Complaint for being Frivolous and Barred on Multiple Grounds, filed July 29, 2003 (**Doc. 9**).  This all-too familiar case[1] is spawned from Plaintiff's relentless indignation over losing a state water rights case to his neighbors, the Chapels. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and will be granted.

**Background**

The state case was originally brought by Mick and Jennifer Chapel against Plaintiff's wife,

---

[1] In addition to this case, Plaintiff has filed seven other federal cases on the same subject matter: Derringer v. Chapel, Civil No. 02-974 WJ/RLP; Derringer v. New Mexico Supreme Court, Civil No. 02-1075 MV/WDS; Derringer v. D'Antonio, Civil No. 03-90 MV/WDS; Derringer v. Fitch, Civil No. 03-149 MV/RLP; Derringer v. Denko, Civil No. 03-290 MV/LAM; Derringer v. Snyder, Civil No. 03-291 MV/KBM. Plaintiff's wife, Susan Nevitt, has also filed two federal cases arising from the state case in which she asserts allegations virtually identical to those made by Plaintiff in his cases. On August 11, 2003, the Court entered an Order enjoining Plaintiff from filing frivolous lawsuits in the future.  See Doc. 14.

Susan Nevitt, and her mother, Norma Nevitt. [2] The Chapels sought an injunction in state court preventing the Nevitts, who had moved onto land upstream from the Chapels, from interfering with the free flow of the water from Harris Creek. Judge Thomas Fitch, the state district judge who presided over the case, allowed Derringer to intervene in the state court case in 2000. Judge Fitch entered a judgment on a jury verdict which included a permanent injunction in favor of the Chapels. This case is yet another attempt at federal judicial review of the state court proceedings, except that this time, Plaintiff drags the law firm who represented the Chapels in the state court case into the lawsuit. Plaintiff lost to the Chapels three times in the state court proceedings and twice on appeals of the state court judgments to the New Mexico Court of Appeals.[3]

Defendants contend that all of Plaintiff's claims against them are subject to dismissal either because they are barred by a preclusion or abstention doctrine, or have no basis of federal jurisdiction. The only difficulty the Court faces with regard to this motion is the determination of the basis for dismissal, since many of the claims in Plaintiff's fifteen-count, forty-six page complaint can be dismissed under several theories.

*Legal Standard*

On ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept the factual allegations of the complaint as true. Dewell v. Lawson, 489 F.2d 877, 879 (10th Cir. 1974). The question is not whether plaintiff will ultimately prevail but whether the allegations

---

[2] Mick C. Chapel and Jennifer Chapel v. Susan M. Nevitt, Norma Nevitt and David Derringer, CV 94-10, State of New Mexico, Seventh Judicial District, County of Catron, New Mexico.

[3] I find no reason to reiterate the historical chronology of the state court proceedings, which is set forth in Defendant's brief. See also "Background" in Court's Memorandum Opin. and Orders in Civil 02-974 WJ/RLP (Doc. 25) and Civil 03-155 JP/WDS (Doc. 15).

entitle plaintiff to offer evidence to support its claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. American Home Assur. Co. v. Cessna Aircraft Co., 551 F.2d 804, 808 (10th Cir. 1977).

*Claims against the Chapels*

All of Plaintiff's claims against the Chapels can be summarily dismissed on the basis of *res judicata*. Plaintiff previously sued the Chapels in federal court in Civil 02-974 WJ/RLP. In that case, Plaintiff alleged violations of federal civil rights and conspiracy against civil rights, trespass, abuse of process, obstruction of justice, terrorism, and perjury and fraud.[4] Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action. *Res judicata* applies when the prior action involved the same parties or their privies; the prior action involved the same claim or cause of action; and the prior action resulted in a final judgment on the merits. Clark v. Haas Group, Inc., 953 F.2d 1235, 1237 (10th Cir. 1992).

In this lawsuit, Plaintiff adds a few novel claims to the general recipe he has followed in the past, such as Treason and Sedition (Count V) and Assisting in Violation of Judicial Oath (Count VI). However, the transactional approach espoused by the Tenth Circuit requires that these claims also be barred from judicial review. Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1202-03 (10th Cir. 2000) (allegation of various new legal theories does not defeat

---

[4] The Court found that all those claims were nothing more than an attempt to review the state court proceedings and were barred from review under the *Rooker-Feldman* doctrine. Plaintiff filed a notice of appeal in that case, which is pending. Doc. 45.

application of *res judicata*). Therefore, all of Plaintiff's claims against the Chapels shall be dismissed with prejudice.

*Claims against law firm Defendants*

All of Plaintiff's claims against the law firm can be dismissed because they are thinly disguised attempts to gain federal judicial review of the state court proceedings. The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). The doctrine precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995) (citations omitted). Plaintiff camouflages his claims with allegations of behind-the-scene conspiracies and shenanigans by members of the Chapel's lawyers in the state case. However, a finding of liability on any one of these claims would essentially lead to a voiding of the state court judgment, since they all relate to what Plaintiff considers to be the destruction of his real property and the frustration of his efforts to fairly represent himself in the litigation.

I agree with Defendants that other bases for dismissal exist, even if *Rooker-Feldman* did not apply to some of the more creative allegations. Although the Comeau law firm was not a party in the state court action or in any of the federal actions thus far, the issues underlying Plaintiff's claims would be precluded by the doctrine of collateral estoppel because they have been previously litigated and decided. Collateral estoppel, or issue preclusion, applies where the issue to be precluded must have been actually and necessarily decided in the prior case, and the party against whom collateral estoppel is invoked must have had a full and fair opportunity in the earlier

4

case to litigate the issue to be precluded. Ten Mile Industrial Park v. Western Plains Service Corp., 810 F.2d 1518, 1523 (10th Cir.1987). Since Plaintiff has exhaustively litigated claims related to his being enjoined from obstructing or interfering with his neighbor's water rights, the doctrine applies to him, and he cannot raise these issues again.

Plaintiff's claims can also be summarily dismissed on their merits because they are either frivolous or lack a basis for federal jurisdiction. **Counts 1 through 4**, based on the Thirteenth and Fourteenth Amendments, allege -- without stating exactly how -- that Defendants conspired to "enslave" Derringer and force him into "involuntary servitude" by not affording him a "court of equity" or a "change of venue."[5]  Complaint, ¶ 37.

**Count 5** (treason and sedition) alleges that Defendants acted to "sabotage" the judicial system and to "subvert the life, liberty and happiness of citizens. . . ." Complaint, ¶ 82.  The claim is absolutely devoid of any facts to support it. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (allegations without supporting factual averments are insufficient to state a claim upon which relief can be based). Plaintiff bases **Count 6** on a violation of 28 U.S.C. § 453, which simply sets out the oaths taken by justices and judges, stating that the law firm "aided and abetted" violations of the oath by not only Judge Fitch, but several New Mexico Court of Appeals judges.[6]  Apart from there being no factual basis for the allegation, the statute on which the claim is based does not provide for a right of action.

The legal bases underlying **Count 7** (42 U.S.C. § 1981), **Count 8** (§ 1982), **Count 10** (§

---

[5] The issue of judicial bias was addressed and disposed of several times in the state court proceedings. Defts' Memorandum, Exs. A & D.

[6] The Court Appeals judges were dismissed from the case as Defendants on July 22, 2003 (Doc. 7).

1985), and **Count 11** (§ 1986) require a showing of either class-based or racially discriminatory animus, or association with a member of protected class. For all its bulk, the complaint lacks any viable assertion that Plaintiff is a member of a protected class, much less that he was subject to an impermissibly racial impact by any of the members of the Comeau Firm because of his status or because of his association with a member of a protected class.

Because Plaintiff fails to allege or infer that the members of the law firm were acting under color of state law, **Count 9,** brought under 42 U.S.C. §1983, fails. Jojola et al. v. Chavez, et al., 55 F.3d 488 (10th Cir. 1995) (the "under color of state law" requirement is a jurisdictional requisite for a § 1983 action).[7] A private person who conspires with a state official to deprive an individual of constitutional rights may nevertheless be acting under "under color of state law." Tower v. Glover, 467 U.S. 914, 920 (1984). However, Plaintiff's conspiracy claims brought under 42 U.S.C. §1983, §1985(3) and § 1986 [8] lack the requisite factual averments to support a claim of conspiracy or a concerted effort on the part of the members of the law firm.  Plaintiff refers to Defendants as "officers of the court" who failed to "act to stop any further deprivations of the rights and privileges secured by the Constitution," and who failed to "insure the safety of the Plaintiff and his real property in equal protection of the laws. . . ." Complaint, ¶¶ 123, 130. Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) (mere conclusory

---

[7] Again, these claims spring from Plaintiff's dissatisfaction with the state court water rights case against the Chapels: "All Defendants have complete knowledge and documents to prove the statutory violations of the Defendants [sic] Chapel's dam/pond, and that this illegal act of the Chapels is being used unlawfully against the Plaintiff to enslave him and his property. . . ." Complaint, ¶ 126.

[8] Violation of §1985, is premised upon the existence of a valid §1985 claim, which is not apparent here. Abercrombie v. City of Catoosa, Okla., 896 F.2d 1228, 1230 (10th Cir. 1990).

allegations of conspiracy with no supporting factual averments are insufficient; "the pleadings must specifically present facts tending to show agreement and concerted action").

The gist of **Counts 12, 13 and 14** (perjury, intimidation and intentional infliction of emotional distress) is that members of the Comeau Firm generically neglected to insure Plaintiff's safety and the safety of his property, that they have used "murder plots, phone death threats, personal threats of killing, burning the house and persons of the Plaintiff, and mis-use of power as justice to attempt a 'deposition'" of Plaintiff in one of his wife's federal cases. Complaint, ¶¶ 166, 168.  As with all his other claims against these Defendants, he fails to specifically describe their conduct or present minimal facts which would support a claim.[9] See  Green v. White, 616 F.2d 1054 (8th Cir. 1980) (a complaint that contains only vague and conclusory allegations is frivolous on its face).

**Count 15** (solicitation to aid crime of violence under 18 U.S.C. § 373 and § 1959) alleges violations of federal criminal statutes. Allegations of violations of criminal activity are also peppered throughout the complaint (e.g., Counts 5, 10, 12 and 13). Plaintiff has no standing to bring these claims. The determination of whether to proceed against an individual with a criminal charge belongs not to Plaintiff's, but rather rests with the grand jury process. U.S. v. Shober, 489 F.Supp. 393 (D.C. Pa. 1979).

### Conclusion

In sum, I find that *res judicata* bars review of all of Plaintiff's claims against the Chapels. Plaintiff's claims against the Comeau Firm are also precluded from judicial review, based on the

---

[9] Plaintiff's also alleged a perjury claim against the Chapels in Civil No. 02-974 WJ/RLP. As in that case, Plaintiff alleges here that the Chapels lied in the state court proceedings, making the claim unreviewable under the *Rooker-Feldman* doctrine.

*Rooker-Feldman* doctrine. Alternatively, Plaintiff's claims against the law firm can be dismissed either on the basis of collateral estoppel or on the failure to state a claim or a basis for federal jurisdiction.

**THEREFORE,**

**IT IS ORDERED** that the Motion by Defendants Mick Chapel, Jennifer Chapel, & Comeau Law Firm ("Defendants") to Dismiss Complaint for being Frivolous & Barred on Multiple Grounds **(Doc. 9)** is hereby GRANTED for reasons set forth above, and all of Plaintiff's claims against Defendants Mick Chapel, Jennifer Chapel, and the Comeau Law Firm are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE