IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.                                      No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL,"

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion for Sanctions Against Defendant Fitch and Attorney Sean Olivas, filed August 15, 2003 (**Doc. 24**).[1]  Plaintiff seeks Rule 11 sanctions against Judge Thomas Fitch, the state court judge who presided over the state water rights case between Plaintiff and the Chapels, and Sean Olivas, Esq., who represents Judge Fitch in this action, contending that they filed a motion to dismiss which is "based in clear legal error."

In considering a motion for sanctions pursuant to Fed.R.Civ.P. 11, I must look to see whether the party's claims are objectively frivolous and whether the person who signed the pleadings should have been aware that they were frivolous. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir.1998).  The primary goal of Rule 11 sanctions is deterring future litigation abuse. White v. Gen'l Motors Corp., 908 F.2d 675, 683 (10th Cir. 1990), cert.denied, 498 U.S. 1069 (1991). The determination of whether sanctions are appropriate is in the discretion of the district

---

[1] It is assumed that Plaintiff is referring to the Motion to Dismiss filed on July 29, 2002 (Doc. 8).

court. Chambers v. NASCO, Inc., 501 U.S. 32, 48-49 (1991); Wilder v. GL Bus Lines, et al., 258 F.3d 126, 129 (2d Cir. 2001).   Based on a preliminary review of the allegedly offending motion to dismiss, I find no "clear legal error" sufficient to support an imposition of sanctions. What I do find is that Plaintiff has frivolously attempted to create another potential opportunity for judicial review of the state adjudication, which -- as this Court's rulings on his numerous motions have made clear -- is foreclosed. See Exhibit 3 to Pltff's Motion.[2]  Plaintiff's motion is DENIED.

    **IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The exhibit is a memorandum, a diagram and picture generated from the State Engineer's Office pertaining to the Chapels' water dam, which was the focal point of the state water rights case.

On August 11, 2003, the Court entered an Order enjoining Plaintiff from filing frivolous lawsuits in the future. See Doc. 14.