IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID DERRINGER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　No. CIV 03-804 WJ/RHS

MICK CHAPEL, JENNIFER CHAPEL,
JOSEPH ALARID, CYNTHIA FRY,
LYNN PICKARD, THOMAS FITCH,
and LAW FIRM "COMEAU, MALDEGEN,
TEMPLEMAN & INDALL",

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT FITCH'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Fitch's Motion to Dismiss [Docket No. 8]. Having reviewed the submissions of the parties and being otherwise fully advised on the applicable law, I find that Defendant's motion is well taken and will be granted.

**BACKGROUND**

Plaintiff David Derringer filed a Complaint in this Court on July 9, 2003 against his neighbors, Mick and Jennifer Chapel (Chapels), State of New Mexico District Court Judge Thomas Fitch, State of New Mexico Court of Appeals Judges Joseph Alarid, Cynthia Fry and Lynn Pickard, and the law firm of Comeau, Maldegen, Templeman & Indall. This Court has already dismissed Plaintiff's claims against the New Mexico Court of Appeals Judges on the basis of absolute judicial immunity [Docket No. 7] and the claims against the Chapels and the law firm on the basis of res judicata and the Rooker-Feldman Doctrine [Docket No. 36]. Judge Thomas Fitch is thus the only remaining defendant in this case.

Plaintiff's allegations arise from a 1994 state court water adjudication case, CV 94-10.

Defendants Mick and Jennifer Chapel initiated the state action against Plaintiff's wife, Susan Nevitt, and Plaintiff's mother-in-law, Norma Nevitt. Judge Thomas Fitch was the presiding judge in the state case. Judge Fitch, subsequent to the filing of the state case, permitted Plaintiff to intervene in the case. Attorney Joseph Manges[1] represented the Chapels and was employed by the law firm of Comeau, Maldegen, Templeman & Indall (law firm).

On May 17, 1996, Judge Fitch entered judgment on a jury verdict in the state case which included a permanent injunction in favor of the Chapels. The Nevitts appealed the judgment, and the New Mexico Court of Appeals affirmed the judgment. In July 2000, the Chapels filed a motion to enforce the judgment. The case was again tried in July 2001. The second trial resulted in a judgment against the Nevitts and Plaintiff. Plaintiff and the Nevitts appealed the judgment, and the New Mexico Court of Appeals affirmed. In August 2002, the Chapels filed a motion to enforce the 1996 judgment and the 2001 judgment. On January 13, 2003, Judge Fitch held a third trial. Following the third trial, Judge Fitch entered a Decision on January 28, 2003 awarding the Chapels compensatory damages, punitive damages, and attorney's fees. Judge Fitch further ordered that Plaintiff and the Nevitts remove the dams at issue in the case, pay $100 per day for each day they failed to comply with the injunction, and permitted the Chapels to enter the property of Plaintiff and the Nevitts to remove the dams if they had not been removed within 45 days. Additionally, Judge Fitch entered an Injunction prohibiting Plaintiff or the Nevitts from any *pro se* filing of any motion, pleading or other paper in state court. Plaintiff and the Nevitts appealed. The New Mexico Court of Appeals affirmed.

Plaintiff's Complaint in the instant case asserts claims under Article III, Section 3 and the

---

[1] Mr. Manges is a Defendant in Derringer v. D'Antonio, Civil No. 03-90 MV/WDS.

13th and 14th Amendments of the Constitution of the United States, various civil rights statutes including 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, and numerous federal criminal statutes such as 28 U.S.C. § 453, and 18 U.S.C. §§ 241, 373, 1959, 1505, 1512, 1621.  Plaintiff also puts forth claims under state law including claims under the Constitution of the State of New Mexico Art. XVI and Art. II Sec. 8, New Mexico statutes pertaining to water including N.M. Stat. Ann. 1978 §§72-5-32, 72-8-4, 72-8-6, 72-9-3, 72-5-39, 72-12-11, various New Mexico criminal statutes such as N.M. Stat. Ann. 1978 §§ 30-28-2, 30-14-1, 30-15-1, 30-25-1, 30-16-6, the New Mexico Code of Judicial Conduct, the New Mexico Code of Professional Conduct, and the tort of intentional infliction of emotional distress.  Plaintiff requests damages of 25 million dollars from each Defendant, an injunction against the Defendant judges preventing them from enforcing the Order preventing him from filing *pro se* in state court and preventing any further Orders or denial of equal protection, an injunction against the law firm prohibiting them from representing anyone as attorneys in the United States, and an Order that each Defendant provide a certificate of compliance.

      Plaintiff's Complaint contains various allegations that all of the Defendants conspired to enslave Plaintiff and created an involuntary servitude against him and his property through the proceedings in the state case CV 94-10.  Plaintiff's complaint also specifically alleges that Defendants Fitch, the law firm and the Chapels conspired to deprive Plaintiff of his due process and equal protection rights by entry of the Order prohibiting Plaintiff from filing *pro se* in state court.  Plaintiff alleges that the Defendants conspired to deprive him of life by denial of food, water, electricity, shelter, heat and other necessities by the Order permitting the destruction of Plaintiff's dams and stock ponds that also included the destruction of the only roads of access onto Plaintiff's property.  According to Plaintiff, Defendants attempted to precipitate an armed

3

and lethal conflict by attacking and invading Plaintiff's real property.  These allegations challenge the Decision entered by Judge Fitch after the third trial in state case CV 94-10.  These allegations appear to also challenge an actual entry onto Plaintiff's land pursuant to Judge Fitch's Decision after the third trial in state case CV 94-10.  Plaintiff does not, however, allege that Defendant Fitch executed the orders to enter the land or actually entered his land.  Rather, he alleges that Defendants conspired with one another by and through Judge Fitch's Decision after the third trial in state case 94-10 to cause the entry.  All of these allegations share a common theme; they all challenge judicial decisions in 94-10 and the effect of those decisions.

In addition to the above allegations, Plaintiff's complaint alleges that, "[o]n or about January 4, 2003, Defendant Fitch called David Derringer's wife with a death threat: 'David's going to be jailed after the hearing.  He won't make it out alive.  Have you ever smelled burning flesh, Susan?'"  Complaint ¶ 29.  He also alleges that Judge Fitch entered into a murder plot to assassinate Plaintiff by illegally arresting him and killing him by poison to induce a heart attack or other accident.

Plaintiff filed a Complaint in this Court on August 7, 2002 against Judge Fitch.  See Civil No. 02-974 WJ/RLP.  The allegations in that Complaint also arose from the state court water adjudication case, CV 94-10.  This Court dismissed Plaintiff's claims in Civil No. 02-974 WJ/RLP against Judge Fitch on the basis of absolute judicial immunity.  See Docket No. 21 in Civil No. 02-974 WJ/RLP.

Plaintiff's wife Susan Nevitt filed a Complaint in this Court on February 3, 2003 against Judge Fitch.  See Civil No. 03-155 JP/WDS.  That Complaint alleged that on January 4, 2003, Ms. Nevitt "received a phone call from an unknown male from a pay phone in the Albuquerque area stating: 'David's going to be jailed after the hearing.  He won't make it out alive.  Have you

4

ever smelled burning flesh, Susan?'"  Complaint ¶ 33 in Civil No. 03-155 JP/WDS.  By Memorandum Opinion and Order filed May 19, 2003 in Civil No. 03-155 JP/WDS [Docket No. 15], Chief United States District Judge James A. Parker dismissed this claim without prejudice under Fed. R. Civ. P. 12(b)(6).

Judge Fitch's motion to dismiss argues that dismissal is appropriate under the doctrine of *res judicata* and on the basis of absolute judicial immunity.

**LEGAL STANDARD**

In considering a motion to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor.  Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).  The court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court is likewise required to liberally construe a *pro se* plaintiff's pleadings; however, mere conclusory allegations will not support a claim without factual averments.  Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).

**DISCUSSION**

I.   RES JUDICATA

Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.  Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1202-03 (10th Cir. 2000); Clark v. Haas Group, Inc., 953 F.2d 1235, 1237-38 (10th Cir. 1992).  To the extent that claims in a more recent case are different than those in the first case but could have been raised in the first case those claims are precluded under the doctrine of *res judicata*.  Mitchell, 218 F.3d at 1202-03.

5

Furthermore, the fact that a plaintiff is alleging various new legal theories does not defeat the application of res judicata.  Id.  Res judicata does not, however, bar a lawsuit based on acts occurring after the first action was filed.  Id.

Plaintiff's complaint brings claims based on Judge Fitch's decisions, orders, and manner of conducting the state court water litigation in 94-10 from 1995 to the present.  Plaintiff's first federal lawsuit, Civil No. 02-974, was dismissed with prejudice, a final judgment on the merits.  Based on the transactional approach in Mitchell, Judge Fitch is entitled to dismissal based on *res judicata* of all Plaintiff's claims challenging the decisions and orders in the state case CV 94-10 that arose prior to the filing of Civil No. 02-974 WJ/RLP on August 7, 2002.  All such claims shall be dismissed without prejudice.  The doctrine of *res judicata* does not, however, bar Plaintiff's claims based on acts occurring after August 7, 2002.

II.     JUDICIAL IMMUNITY

A judge is absolutely immune from a 42 U.S.C. § 1983 suit for damages for judicial acts for which the judge has at least a semblance of subject matter jurisdiction. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183 (10th Cir. 2003); Lerwill v. Joslin, 712 F.2d 435 (10th Cir. 1983) (citing Stump v. Sparkman, 435 U.S. 349 (1978)).  The defense of absolute judicial immunity is not defeated by claims of conspiracy, bad faith, malice, or erroneous rulings.  Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).  Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  For claims made pursuant to laws other than 42 U.S.C. § 1983, common law judicial immunity provides that judges are absolutely immune from suits for damages when the acts complained of are judicial in nature and the court had jurisdiction over the subject matter of

6

the case.  Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir. 1990).  Common law judicial immunity attaches even if the judicial decision is erroneous, malicious, or made in excess of the judge's judicial authority.  Id.  However, common law immunity does not attach when injunctive relief is sought.  Pulliam v. Allen, 466 U.S. 522, 536-37 (1984).

Judge Fitch was acting within his judicial capacity and within the general jurisdiction of the District Court of the State of New Mexico when he issued rulings and decisions in CV 94-10.  Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.  Therefore Defendant Fitch is absolutely immune from suit under 42 U.S.C. § 1983 for both damages and injunctive relief.  With regard to other claims not brought under 42 U.S.C. § 1983, Defendant Fitch is absolutely immune from suit for damages.  All such claims shall be dismissed with prejudice.

III.    ROOKER-FELDMAN DOCTRINE

Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction to review or reverse a state court judgment.  Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991); VanSickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986).  Any such review must be addressed directly to the United States Supreme Court.  Facio, 929 F.2d at 543; VanSickle, 791 F.2d at 1436.

The Rooker-Feldman doctrine prevents this Court from exercising jurisdiction over Plaintiff's claims that challenge the decisions and rulings in CV 94-10, including those claims not brought under 42 U.S.C. § 1983 that seek injunctive relief.  Such claims shall be dismissed without prejudice.

IV.    PLAINTIFF'S REMAINING CLAIMS

As noted above, Plaintiff alleges that Judge Fitch called Susan Nevitt on January 4, 2003 and threatened Plaintiff's life, and that Judge Fitch entered into a murder plot to kill Plaintiff.

7

Judge Fitch is not entitled to judicial immunity with regard to the claims brought pursuant to these allegations because such acts, even when allegedly committed by a judge, are not judicial acts. Further, neither the doctrine of *res judicata* nor the Rooker-Feldman doctrine applies to bar these claims. However, the Court *sua sponte* notes Plaintiff has failed to state a claim with these allegations.

While a Court is required to liberally construe a *pro se* plaintiff's pleadings, mere conclusory allegations will not support a claim without supporting factual averments. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995). Plaintiff's allegations with regard to the January 4, 2003 phone call are phrased in a manner to attempt to breathe life into a claim previously dismissed without prejudice by this Court for failure to state a claim. Plaintiff alleges that his wife received this phone call, and his wife previously filed claims against Judge Fitch based on allegations regarding this same phone call. See Civil No. 03-155 JP/WDS.[2] Plaintiff's wife's verified complaint in that case avers that the caller was an unknown male that she felt was Judge Fitch. In dismissing this claim, Chief United States District Judge James A. Parker found these allegations to be vague and insufficient to support Ms. Nevitt's otherwise conclusory claim with respect to the January 4, 2003 phone call. See Memorandum Opinion and Order filed May 19, 2003 in Civil No. 03-155 JP/WDS [Docket No. 15].

Plaintiff cannot resurrect his wife's claim by bringing the claim in his own name[3] and merely omitting the allegations that made the original claim insufficient. There are no new

---

[2] A court may take judicial notice of its own records. St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979).

[3] The Court gives Plaintiff the benefit of the doubt and does not assume that Plaintiff did this in hopes that the Court would fail to notice the similarities between the cases.

allegations with regard to this phone call that clarify the original allegations. Thus, the allegations made by Plaintiff are as vague as those made by his wife in Civil No. 03-155 JP/WDS and are, accordingly, insufficient to state a claim. Plaintiff's allegations that Judge Fitch plotted to kill Plaintiff are similarly vague and insufficient to state a claim. These claims will be dismissed with prejudice.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Fitch's Motion to Dismiss [Docket No. 8] is hereby GRANTED in that;

1. Plaintiff's claims against Defendant Thomas Fitch arising from his decisions, orders, and other judicial acts occurring prior to August 7, 2002 are hereby DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's claims against Defendant Thomas Fitch arising from his decisions, orders, and other judicial acts occurring on or after August 7, 2002 brought pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief and brought pursuant to other law seeking damages are hereby DISMISSED WITH PREJUDICE.

3. Plaintiff's remaining claims against Defendant Thomas Fitch are hereby DISMISSED WITH PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE